UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLGA PERESTORONINA,<br><br>               Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>               Defendant. | NO. C10-1225-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Olga Perestoronina appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

At the time of her application, plaintiff was a 55 year-old woman who had received her high school and college education in Russia. Administrative Record ("AR") at 71, 201. Her past work experience includes employment as a phlebotomist, lab nurse and medical laboratory technician. AR at 25. Plaintiff was last gainfully employed in December 2004. AR at 47.

On December 8, 2004, plaintiff filed a claim for SSI payments. *Id.* Plaintiff asserts that she is disabled due to a combination of impairments, including hepatitis B and C, depression, diabetes, back and leg pain, headaches and fatigue. AR at 89. The Commissioner denied plaintiff's claim initially and on reconsideration. Plaintiff requested a hearing which took place on August 22, 2007. After review by the Appeals Council, the matter was remanded for further administrative hearings. On August 26, 2008, a new administrative hearing took place before a second ALJ. AR at 561-83. On September 23, 2008, the ALJ issued a decision again finding plaintiff not disabled and denied benefits. AR at 15-25. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 7-10, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.  EVALUATING DISABILITY

As the claimant, Ms. Perestoronina bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§

404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If she is, disability benefits are denied. If she is not, the Commissioner proceeds to step two. At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities. If the claimant does not have such impairments, she is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On September 23, 2008, the ALJ issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since December 8, 2004, the application date.

2. The claimant has the following severe impairments: chronic liver disease and hepatitis B and C. The claimant has non-severe impairments of the stroke with associated memory cognitive impairment, diabetes, headaches, neck and back complaints. The claimant has non-medically determinable impairments of vestibular disorders and positive test for tuberculosis.

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary to light work as defined in 20 CFR 416.967(b).

5. The claimant is capable of performing past relevant work as a phlebotomist, 079-364-022, svp 3, light, skilled and medical laboratory technician 078.381-014, svp 5, light. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

6. The claimant has not been under a disability, as defined in the Social Security Act, since December 8, 2004, the date the application was filed.

AR at 17-25.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err in determining plaintiff had an RFC of "sedentary to light?"

2. Did the ALJ err in her evaluation of the mental functioning evidence?

REPORT AND RECOMMENDATION - 5

3. Did the ALJ err at Step 4 by concluding plaintiff could perform her past relevant work as actually performed?

4. Did the ALJ err by not awarding benefits at Step 5?

Dkt. No. 17.

## VII. DISCUSSION

### A. The ALJ Erred in her RFC Evaluation Relating to Plaintiff's Ability to Stand and Walk

The ALJ determined that plaintiff had an RFC of "sedentary to light." 20 C.F.R. § 404.1567(a) defines sedentary walking and standing limits as follows:

> Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

The term "occasionally" is defined as "occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday." SSR 96-9P, 1996 WL 374185 at *3.

Light work, on the other hand, involves an ability to do a great deal more standing and walking.

> Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Although courts in the Ninth Circuit and the SSR's do not directly address the definition of what constitutes a "good deal of walking or standing" the regulations also provide "since frequent lifting requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday." SSR 83-10, 1983 WL 31251 at *6.

REPORT AND RECOMMENDATION - 6

All of plaintiff's physicians determined that she would be limited to 2 hours of standing or walking. *See e.g.,* Dr. Kulakivsky (AR at 349), Dr. Attaman (AR at 491). The reviewing physician for the State Agency who prepared a physical RFC form similarly concluded that plaintiff could stand or walk "at least 2 hours in an 8-hour workday." AR at 493. The Commissioner argues that because the next box the State Agency reviewing doctor could have checked on the form indicated an ability to stand or walk for "6 hours in an 8-hour workday," this must mean plaintiff could stand or walk more than 2 hours. The convoluted nature of this argument is belied by the physician restricting the plaintiff to a "sedentary" level of work, even though the reviewing physician found lifting exertional limits (20 pounds occasionally and 10 pounds frequently) fall within the "light work" range. AR at 493; 20 C.F.R. § 416.967(b). Consequently, the State Agency reviewing physician had to have based his "sedentary" restriction on plaintiff's abilities to stand or walk.

The ALJ's assessment of an RFC in the sedentary to light work range seems appropriate in light of the fact that plaintiff's ability to stand and walk is limited, but her exertional lifting abilities fall within the "light" work range. However, because the ALJ concluded that plaintiff could perform her past relevant work, which required more standing and walking than 2 hours, the ALJ must separately determine if she actually has the ability to stand or walk consistent with the requirements of that job, when all physicians are otherwise limiting her to 2 hours of standing or walking in an 8-hour workday. The ALJ simply combined the plaintiff's limited ability to stand and walk that would otherwise qualify her only for a sedentary work level, and her lifting ability which would make her capable of doing "light work" and determined she could do sedentary to light work, and then applied this to her previous work experience. This was error, as it did not take into account her specific standing and walking limitations when determining whether she could perform her past relevant work. This requires reversal. On remand, the ALJ is directed to determine the extent of plaintiff's ability to stand and walk in an eight hour work day, and then apply these limitations to

determine if she could do her past relevant work, or if there are other jobs she could do with these standing and walking limitations.

### B. Remand Requires Reevaluation of Whether Plaintiff Can Perform Her Past Relevant Work

At step four, the claimant bears the burden of proving that she can no longer perform her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). Although the burden of proof lies with the claimant at step four, the ALJ retains a duty to make factual findings to support his conclusion. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 82-61). The claimant must be able to perform:

1. The actual functional demands and job duties of a particular past relevant job; or

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61. "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." *Id*. at 845 (citing SSR 82-62). A claimant may be found not disabled at step four based on a determination that she can perform past relevant work as it was actually performed *or* as it is generally performed in the national economy. SSR 82-61; SSR 96-8p.

The ALJ concluded that plaintiff could perform her past relevant work as a phlebotomist and medical laboratory technician. The Vocational Expert testified, using the Dictionary of Titles ("DOT") that "both these jobs are light on the basis of the requirement to stand quite a bit, not because they're really lifting anything of consequence." AR at 581.

"[T]he best source for how a job is generally performed is usually the Dictionary of Occupational Titles [DOT]." *Pinto*, 249 F.3d at 845-46 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995)). When an ALJ's decision contradicts the DOT, "the record must contain 'persuasive evidence to support the deviation.'" *Id*. (quoting *Johnson*, 60 F.3d at 1435).

REPORT AND RECOMMENDATION - 8

Here, both jobs require a full range of "light work" and the ALJ found only that plaintiff could perform a sedentary to light range of work. Moreover, the VE testified that although the job did not involve heavy lifting, it was listed as a light exertional job because it involved a lot of standing and walking, precisely the area that caused the ALJ to limit plaintiff to the "sedentary" portion of the sedentary to light range of work. Nothing in the medical record indicates plaintiff could engage in a full range of light work as that term contemplates standing and walking abilities.

The Commissioner also argues plaintiff retains the ability to perform her past relevant work as it was actually performed in Russia. The Commissioner further cites to plaintiff's citations as to how she performed the work, making reference to the Work History Report completed by plaintiff, in which she stated she walked for 1.5 hours in an 8 hour workday, stood for 1.5 hours, and sat for 5 hours. AR at 143. This, the Commissioner argues, is consistent with a sedentary work finding. Dkt. No. 19 at 14-15.

"The decision as to whether the [plaintiff] retains the functional capacity to perform past work . . . has far-reaching implication and must be developed and explained fully in the disability decision." SSR 82-62. The regulations require the ALJ to obtain adequate documentation of past work to support the decision as to the plaintiff's ability to return to past work. *Id*. "Adequate documentation of past work includes factual information about those work demands which have a bearing on the medical established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained as appropriate." *Id*. "Social Security Regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41." *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

There are three problems with the Commissioner's argument. First, this is not the stated basis in the ALJ's opinion. Instead, the ALJ determined plaintiff could perform her past relevant

REPORT AND RECOMMENDATION - 9

work, utilizing the DOT which defines the job as requiring a full level of light work exertional ability. The ALJ, however, also determined plaintiff's RFC was less than an ability to perform light work. Second, and related to the first, if the ALJ is going to take this approach, then the ALJ must make specific findings about plaintiff's ability to stand longer than the two hours in an 8-hour workday as determined by her physicians. The job as plaintiff described it required her to walk or stand for 3 hours in an 8-hour workday. Third, if the prior work history is to be used to define the job as done in Russia to determine if plaintiff could perform that work, the ALJ must also include the other limitations stated on the form, or indicate why they are not applicable. For example, plaintiff, on the work history form also indicated her job, as performed in Russia, required her to kneel for one-half hour in every 8 hour workday. Plaintiff's limitations, if any regarding her ability to kneel, were not included in the ALJ's opinion. On remand, the ALJ will reevaluate the plaintiff's ability to perform her past relevant work at Step 4 and if she is found to be unable to perform her past relevant work, then the ALJ will proceed to Step 5 of the disability evaluation process.

C.  The ALJ Did Not Err in Her Assessment of the Mental Functioning Evidence

Plaintiff argues that the ALJ erred in her rejection of evidence regarding plaintiff's mental functioning assessments. Plaintiff specifically cites the opinions of examining physicians Drs. Wilkinson, Dixon and Ruddell.

*1.  Standards for Reviewing Medical Evidence*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining

physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

## 2. *Plaintiff Was Found to be Non-Credible*

As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722. Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

When evaluating a claimant's credibility, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

Plaintiff does not challenge the adverse credibility finding, and for good reason. The ALJ found plaintiff's self-described daily activities would not have produced the limitations she described. She told Dr. Dixon she could shop, take care of her grandson, walk, visit with friends, work on the computer, and that she regularly socialized with family and attended

church weekly. She was able to manage a trip to Russia for 40 days to see family, her husband submitted a third party report containing inconsistent information, she made claims of stroke, which could not be medically established, physicians noted she was not fully credible, and there was evidence of secondary gain.

The ALJ discounted the reports of mental limitations due to the necessary reliance on self-reporting by plaintiff. An ALJ may reject a medical opinion that is premised upon a claimant's discredited subjective complaints. *Thomas*, 278 F.3d at 957. The ALJ did not err in her treatment of plaintiff's alleged mental functioning evidence.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A remand for benefits is not appropriate at this time, because there are issues that must be resolved before a disability determination can be made. A proposed order accompanies this Report and Recommendation.

DATED this 27th day of June, 2011.

JAMES P. DONOHUE
United States Magistrate Judge